UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| United States | * |
| | *    CR07-000060 |
| | *    Judge Robertson |
| Vs. | *    Trial Date: 8/20/07 |
| | * |
| | * |
| Dareese McCullough | * |
| | * |

### Motion to Suppress Evidence Obtained
### By Search Warrant and Incorporated Memorandum
### Of Points and Authorities

Dareese McCullough, through counsel, respectfully requests that this court hereby suppress the evidence obtained against her through a search of an apartment apparently without any search warrant. In support thereof, he states as follows:

On 2/15/07 members of the Sixth District of the Metropolitan Police Department went to 5108 Call Pl., SE, #1, Washington, DC in reference to a subject wanted for a shooting. The entered the premises and proceed to "secure" it according to the MPD. While doing this, officers allege they saw a green ziplock containing a white rock and a digital scale on a coffee table. After this point, officers began to search in all the rooms, looking around furniture and other small areas such as dresser drawers. At some point, officers obtained "consent" from Ms. McCullough for the search. They eventually recovered more ziplock bags of white rock substance, empty ziplock bags, and a small digital scale. Also recovered was inside a vacuum was another ziplock with white rock substance and a 9mm semi-automatic pistol. To this point, no arrest warrant has been provided regarding the initial entry into the apartment. It has been indicated by the

government that no search warrant was obtained for the search of the premises at any time.

A search of private property is unreasonable unless it has been authorized by a search warrant. Camara v. Municipal Court, 387 U.S. 523, 528-29 (1967). Courts must indulge "every reasonable presumption against waiver" by consent. United States v. Abbot, 546 F.2d 883, 885 (10th Cir. 1977). Special scrutiny should be afforded any "consent" allegedly obtained after a client is arrested, restrained, and questioned by police. See e.g. United States v. Rothman, 492 F.2d 1260, 1264-65 (9th Cir. 1974). The psychological atmosphere in which the consent is obtained is a critical factor in determination of the voluntariness. Id. Cases upholding consent searches have focused on facts such as 1) defendant held on public street and 2) given Miranda warnings and 3) being advised that the result of the search would be used against them. United States v. Watson, 423 U.S. 411, 424 (1976). Invitations to enter one's house, extended to armed officers of the law who demand entrance, are usually to be considered as invitations secured by force. A like view has been taken where an officer displays his badge and declares that he has come to make a search, even where the householder replies "all right." A finding of consent in such circumstances has been held to be "unfounded in reason." Intimidation and duress are almost necessarily implicit in such situations. Judd v. United States, 89 U.S. App. D.C. 64, 66; 190 F.2d 649, 651 (1951). Compare Martin v. United States, 605 A.2d 934, 938 (D.C.), cert. denied, 113 S. Ct. 632 (1992) (consent voluntary where home owner knew before officers arrived that they were there to pick up grandson and upon there arrival knocked down a relative who tried to impede their entry). Trickery, fraud, or misrepresentation on the part of the police to gain entry

naturally undermines the voluntariness of any consent. United States v. Griffin, 530 F.2d 739, 743 (7th Cir. 1976). Coercion may be found if one is led to believe that consent will secure another person's freedom. United States v. Bolin, 514 F.2d 554, 560 (7th Cir. 1975).

Maryland v. Buie, 494 U.S. 325 (1990) talks about how warrantless "protective sweeps" can be reasonable under the Fourth Amendment. In cases where officers obtain an arrest warrant they can look into immediately adjoining rooms to the place of an arrest and can only perform a broader search if they have reasonable articulable suspicion that another area of the dwelling harbors an individual posing a danger to those on the arrest scene. Id., at 494.

A search warrant may also be challenged when it is based on false or misleading information. Franks v. Delaware, 438 U.S. 154 (1978). Affidavits or sworn or otherwise reliable statements of witnesses should be furnished or their absence satisfactorily explained. Id., at 171.

In this case, it is not clear that police even had an arrest warrant in the first place to gain entry to the premises. Armed officers went into the apartment, announcing there intentions and taking control and "securing" the scene. The consent obtained from the defendant was after they had allegedly seen drugs and a scale in plain view. In this accusatory environment, officers say they obtained the "consent" of Ms. McCullough to search the rest of the apartment. This is exactly the danger of vitiated consent that the history of these cases warns about. The defense argues that MPD had no justifiable reason to enter the apartment in the first place and that any consent obtained was clearly under duress of the situation and cannot pass muster. For these reasons, Ms. McCullough

would request that all evidence and subsequent fruits of the search, including her videotaped statement, be suppressed as fruits of a poisonous tree.

Respectfully Submitted,

Paul D. Hunt
4614 Wissahican Ave.
Rockville, MD 20853
DC Bar #447182
Phone: 301-565-0540

## Certificate of Service

I hereby certify that a copy of the foregoing pleading was mailed via first-class mail, postage prepaid on 6/15/07 to:

Mr. Ramos
Office of the United States Attorney
555 4th St., N.W.
Washington, DC  20530

_____

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States | * | |
| | * | CR07-000060 |
| | * | Judge Robertson |
| Vs. | * | Trial Date: 8/20/07 |
| | * | |
| | * | |
| Dareese McCullough | * | |
| | * | |

### ORDER

For the reasons indicated in the defense motion to suppress evidence obtained without a search warrant and any opposition thereto, it is hereby;

ORDERED

1) That the motion is Granted
2) That evidence obtained pursuant to the search warrant in this case is to be suppressed as well as all fruits of the search, including the statement.

_____
U.S. District Judge

Copies to:

Paul D. Hunt
P.O. Box 1127
College Park, MD 20741

Mr. Ramos
Office of the United States Attorney
555 4th St., N.W.
Washington, DC 20530